UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
SEP 0 8 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

ZAKKIYYA CARTER,

Plaintiff,

v.

25-CV-740 (JLS) (MJR)

CITY OF BUFFALO,
COUNTY OF ERIE,
JANE AND JOHN DOES, MICHAEL REDMOND, MICHAEL KIRIPOLSKY, JOSHUA KLUGE, MIA SULLIVAN, JENNIFER HUBACHER a/k/a JENNIFER M. SCARF, DAWN D. FREEMAN, SUICIDE INTERVENTION AND CRISIS SERVICES INC. d/b/a CRISIS SERVICES, LAURA C. HANRAHAN, M.D., MARK C. SUTTON, D.O., UNIQUE OUTLAW JONES, REBECCA HICKS, M.D., MARKEITH PRIDGEN, JULIA RINGLE, D.O., JANE AND JOHN DOES, ERIE COUNTY MEDICAL CENTER, ERIE COUNTY MEDICAL CENTER COPORATION, PAULA FEROLETO, SAMANTHA VENTURA, JANE AND JOHN DOES, ALICIA FLOOD and SHALONNA WATTS,[1]

Defendants.

**DECISION AND ORDER**

*Pro se* Plaintiff Zakkiyya Carter filed this action seeking relief under 42 U.S.C. §§ 1983, 1985(3), and 1988 and under the Fourth and Fourteenth

[1] The Clerk of Court is directed to amend the caption as set forth herein.

Amendments to the United States Constitution. *See* Dkt. 1 at 7 ¶ 31.[2] The Court previously screened her complaint pursuant to 28 U.S.C. § 1915A(b) on May 14, 2026. Dkt. 9. As a result, the Court allowed Carter's causes of action for *Monell* liability, false arrest, procedural due process violations, and Section 1983 conspiracy to proceed to service. *See id.* at 16. The Court granted Carter limited leave to amend her substantive due process cause of action and her claims against Defendant Paula L. Feroleto. Because Carter's amended complaint (Dkt. 13) fails to allege plausibly enough allegations to overcome judicial immunity, her claims against Justice Feroleto are dismissed without further leave to amend. Carter's remaining claims not otherwise dismissed below may proceed to service.

## DISCUSSION

### I. Legal Standards

#### A. Review Under the IFP Statute

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). A court shall dismiss the complaint if it determines that the action (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court must "accept all of the facts alleged in the complaint as true and draw all inferences

[2] Page numbers refer to the CM/ECF generated numbering in the header of each page.

in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). And it must construe *pro se* pleadings "liberally" and "interpret them to raise the strongest arguments that they suggest." *Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (citation omitted).

### B. Pleading Standard

When evaluating a complaint, a court must accept all factual allegations as true and must draw all inferences in a plaintiff's favor. *See Larkin*, 318 F.3d at 139; *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege sufficient facts to support the claim. *See Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (concluding that district court properly dismissed a *pro se* complaint under Section 1915(e)(2) because the complaint did not meet the pleading

standard in *Twombly* and *Iqbal*); *accord Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (setting forth same standard of review).

### C. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, "unless [it] can rule out any possibility, however unlikely . . . , that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive[] . . . it is not an abuse of discretion to deny leave to amend").

### D. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, *respondeat superior* liability is unavailable in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d at 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Rather, at the screening stage, a plaintiff must plausibly allege "that each Government-official defendant, through the official's own individual actions[] . . . violated the Constitution." *Id.* (quoting *Iqbal*, 556 U.S. 676).

## II. The Amended Complaint

### a. Claims Against Justice Feroleto

In her amended complaint, Carter realleges allegations against each defendant that are substantially similar to the allegations contained in her initial complaint. *See* Dkt. 13; Dkt. 1. Because the Court granted Carter leave to amend only with respect to her substantive due process claim and her claims against Justice Feroleto, the Court need only screen the amended complaint with respect to those claims. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) (collecting cases) (explaining that a district court has the inherent authority to dismiss claims that exceed the scope of the court's order granting leave to amend). However, given Carter's *pro se* status, the Court declines to dismiss her claims solely because they exceed the scope of the leave

granted. *See MacIntyre v. Moore*, 335 F. Supp. 3d 402, 410 (W.D.N.Y. 2018) (citation modified).

In her initial complaint, Carter alleged that Feroleto presided over Carter's September 7, 2022 discharge hearing despite "knowingly permit[ing] *ex parte* arguments in [Carter's] absence and ratified continued confinement despite a lack of testimony" from "any expert with relevant knowledge of Carter's mental health history." Dkt. 1 at ¶243.

In the initial complaint, Carter also alleged a cause of action "for violation of the Fourteenth Amendment under 42 U.S.C. § 1983, for False Imprisonment as per violation of the Substantive Due Process Clause under the NYS Mental Health Hygiene Law § 9.27 against Defendants ECMCC, JONES, HICKS, HANRAHAN, RINGLE, FEROLETO[,] and JANE DOE." *Id.* at 58. Under this cause of action, Carter alleged that "Feroleto did not act in a judicial capacity[,] but as a willful participant in an extra-judicial conspiracy to deprive [Carter] of liberty without due process." *Id.* at ¶256. Carter contended that Feroleto did so when she "knowingly approved and ratified an unlawful psychiatric detention based on fabricated records, misrepresentations, and a fictitious collateral source, without any sworn affidavit, legal affirmation, or evidentiary foundation to justify [Carter's] continued confinement." *Id.* Carter suggested that Feroleto's actions "were not judicial in nature[,] but part of a coordinated scheme to silence and punish [Carter] for exercising her First Amendment rights." *Id.* at ¶257.

The Court dismissed all of Carter's claims against Feroleto because Carter failed to allege any facts that suggest Feroleto is not immune with respect to "acts arising out of, or related to" the underlying case. Dkt. 9. The Court also granted Carter leave to amend her claims against Feroleto, to the extent she is able to allege facts to overcome judicial immunity. *See id.* Carter filed an amended complaint on June 5, 2026. Dkt. 13.

In her amended complaint, Carter omitted the above allegations and instead alleges a cause of action for "Violation of [Carter's] Fourteenth Amendment Procedural Due Process Rights Under 42 U.S.C. § 1983 (Joint State/Action in the Denial of Notice, Disclosure, and Meaningful Opportunity to Be Heard) Against Defendants ECCMCC[,] JOHN and/or JANE DOE(S), VENTURA, and FEROLETO." *Id.* at 54. The only other factual allegation in the amended complaint against Feroleto is the following: "Despite the absence of the patient record required by MHL § 9.31(b), the filing irregularities reflected on the docket, including the absence of proof of service, and the lack of materials identifying the factual basis asserted for continued confinement, the proceedings nevertheless went forward before [Feroleto.]" *Id.* at ¶254.

Carter's claims against Defendant Feroleto, as amended, are dismissed because they are barred by judicial immunity. It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991); *Whitnum v. Emons*, No. 3:15-CV-959 (SRU), 2015 WL 5010623, at *2 (D. Conn. Aug. 24, 2015)

("Absolute immunity applies to a judge in both her official and individual capacity."), *aff'd*, 683 F. App'x 71 (2d Cir. 2017).

Judges are accorded this immunity in order to ensure "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). "Thus, even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (citing cases).

Judicial immunity is overcome in only two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11. The relevant factors include the nature of the judge's action, whether the action typically is performed by a judge, whether the parties expect the judge to take such action, and whether the parties dealt with the judge in his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.2d at 210. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Carter's claims, as amended, arise out of a judicial proceeding with respect to Carter's psychiatric detention. Dkt. 13 at 54-59. As a result, none of Carter's claims against Feroleto, as amended, overcomes judicial immunity because all of the amended complaint's allegations are with respect to "acts arising out of, or related

to" the underlying case. *Bliven*, 579 F.2d at 210. In fact, Carter's amended complaint actually includes fewer facts—with respect to her claims against Feroleto—than her initial complaint. *See* generally Dkt. 13. Feroleto is, therefore, immune from Carter's causes of action, and Carter is denied leave to file a second amended complaint that includes related claims against Feroleto. *See Ruffolo*, 987 F.2d at 131.

For the reasons set forth above and in the Court's initial screening order, Carter's amended complaint does not overcome judicial immunity. *See* Dkt. 9 at 14-15. Accordingly, Carter's claims against Feroleto are dismissed without further leave to amend.

**b. Substantive Due Process Claims Against City of Buffalo and ECMC**

The Court previously dismissed Carter's substantive due process claims against Defendants City of Buffalo and ECMC and granted leave to amend. Dkt. 9 at 11-12. Because Carter's allegations in the amended complaint amount to colorable claims—for screening purposes—her claims alleging violations of her substantive due process rights against the City of Buffalo and ECMC may proceed to service. *See Benitez v. Wolff*, 907 F.2d 1293 (2d Cir. 1990) ("*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a 'draconian device,' which is warranted only when the complaint 'lacks an arguable basis either in law or in fact.' Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations omitted). Defendants may, however, later move to dismiss these claims as the Court has "not asserted nor

intimated any view on whether the various claims asserted by [Carter] could survive a motion to dismiss." *McFadden v. Noeth*, 827 F. App'x 20, 30 (2d Cir. 2020) (citing FED. R. CIV. P. 12(b)(6)).

**c. Claims Against Redmond, Kiripolsky, and Kluge**

In her amended complaint, Carter adds City of Buffalo Police Officers Michael Redmond, Michael Kiripolsky, and Joshua Kluge as defendants. Dkt. 13 at 13, 17.

The Court interprets Carter's addition of the three named City of Buffalo Police Officers as an attempt to name the individual officers who allegedly violated her rights. However, beyond naming the individual officers, Carter fails to allege any facts or describe how each individual officer violated her rights.

Carter must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. While the factors necessary to prove a Section 1983 violation may vary with the constitutional provision at issue, Carter must nevertheless allege facts related to each of the individual officers' conduct. *See id.*

Carter's claims against each of the individual officers named in the amended complaint is, therefore, dismissed. Because this is the first time Carter alleged any claims against these individual officers, the Court grants her leave to amend, but only to the extent set forth above as to these three officers. If Carter fails to amend in the manner above, the Court will dismiss her claims without further leave to amend. *See Williams v. Baxter*, No. 22-CV-6117-EAW, 2023 WL 5584345, at *3

(W.D.N.Y. Aug. 29, 2023) (after apprising the plaintiff of the deficiencies in his complaint and putting him on "the plainest notice of what was required," the court denied a second opportunity to amend (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978))).

**d. Claims Against Sutton**

In her amended complaint, Carter also adds Dr. Mark C. Sutton, D.O., as a defendant. Dkt. 13 at 45, 49. Carter alleges that Sutton, with Hanrahan, relied on "misleading collateral information" and continued to confine Carter in violation of her constitutional rights. *Id.* at 45-50. Based on the facts set forth in the amended complaint, it appears that Sutton is or was employed by Defendant ECMC/ECMCC at the time Carter alleges her rights were violated. Dkt. 13 at 45 ¶202.

Because this Court previously allowed Carter's claims for false arrest and Section 1983 conspiracy to proceed to service against "ECMC/ECMCC employees in their individual capacities" and "other unidentified ECMC employees[,]" the claims against Sutton may also proceed to service.[3] Dkt. 9 at 11, 13

---

[3] *See, e.g.*, *Williams v. Reg'l Transit Serv., Inc.*, No. 25-CV-6485-MAV, 2026 WL 1216375, at *1 (W.D.N.Y. May 4, 2026) (explaining that a court's decision to allow a *pro se* plaintiff's complaint to proceed to service "does not suggest any view on whether Plaintiff's claims could survive a motion to dismiss.").

**e. Removal of Defendants Wazkowski, Flemming, and Abruzzino**

Finally, Carter has not asserted any claims against Defendants Wazkowski, Flemming, and Abruzzino in her amended complaint. *See generally* Dkt. 13.[4] As a result, Carter has abandoned any claims against these defendants. *See Austin v. Ford Models, Inc.*, 149 F.3d 148, 152 (2d Cir. 1998) (abrogated on other grounds); *Vargas v. Mott*, No. 21-CV-6165-DGL-MJP, 2022 WL 3236744 (W.D.N.Y. July 13, 2022) (explaining that "when a *pro se* party has been expressly warned that the amended pleading will replace the original, the party abandons any claims not incorporated into the amended pleading."); *LaPietra v. City of Albany Police Dep't*, No. 919CV152 7TJMTWD, 2021 WL 1345520 (N.D.N.Y. Apr. 12, 2021) (holding that *pro se* plaintiff abandoned claims omitted from amended complaint when decision footnote explicitly warned of amended pleading's effect).

Here, Carter abandoned her claims against Wazkowski, Flemming, and Abruzzino by failing to include them as defendants in her amended complaint. Accordingly, any claims against them are dismissed without prejudice. Because the Court granted Carter leave to amend with respect to her claims against Defendants Redmond, Kiripolsky, and Kluge, she may also include any claims she wishes to assert against Defendants Wazkowski, Flemming, and Abruzzino in a second amended complaint.

---

[4] Carter removed Defendants Wazkowski, Flemming, and Abruzzino from the caption of the amended complaint as well.

## III. Service of Process

Carter has paid the filing and administrative fees for this action and, therefore, is typically responsible for service of any summons and complaint. Rule 4 of the Federal Rules of Civil Procedure provides that, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a personal specially appointed by the court." FED. R. CIV. P. 4(c)(3). The granting of such an order is discretionary with the Court." *Johnson v. DHS/ICE*, No. 13-CV-0288A, 2013 WL 6669232, at *3 (W.D.N.Y. Dec. 18, 2013).

Carter has filed an "Application For Order Directing Service by U.S. Marshal." Dkt. 12. Specifically, Carter requests service by U.S. Marshal without payment of the fees generally required. *See id.* (explaining that "[Carter] is experiencing significant financial hardship and lacks the financial resources necessary to effectuate service upon" the defendants). While Carter has paid the filing fee in this action, "'*in forma pauperis* status affords [the] plaintiff other benefits apart from deferring full payment of the filing fee[,]' such as service of process by the U.S. Marshals." *Fabrizio v. Annucci*, No. 920CV0011GTSML, 2020 WL 13801078, at *1 (N.D.N.Y. Mar. 9, 2020) (quoting *Williams v. Lane*, No. 9:13-CV-0965 GLS/RFT, 2014 WL 2559197, at *2 (N.D.N.Y. June 6, 2014)).

After reviewing Carter's motion to proceed *in forma pauperis*, the Court finds that she may properly proceed with this matter *in forma pauperis* for the purpose of service of any summonses and complaint. *See Fabrizio*, 2020 WL 13801078, at *1. Accordingly, to the extent that the claims in her amended complaint survive

screening as set forth above, the U.S. Marshal is directed to effectuate service of the amended complaint upon Defendants.

## CONCLUSION

For the reasons above, Carter's claims against Feroleto are dismissed without further leave to amend. Carter's claims against Defendants Redmond, Kiripolsky, Kluge, Wazkowski, Flemming, and Abruzzino are also dismissed, but with leave to amend as set forth above. Finally, Carter's claims against Sutton and all other defendants may proceed to service.

Carter may file an amended complaint by no later than **October 6, 2026**, in which she includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Carter is advised that a second amended complaint **completely replaces the prior complaints, in the action**, and thus it "renders [any prior complaints] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any second amended complaint must include all allegations against each defendant so that the second amended complaint stands alone as the only complaint in this action. Additionally, because this is the second opportunity Carter has been given to amend her complaint, **the Court will dismiss all claims that exceed the scope of leave granted**. *See Salzman*, 457 F. App'x at 43.[5]

---

[5] "Artificial intelligence may ultimately prove a helpful tool to assist *pro se* litigants in bringing meritorious cases to the courts." *Moales v. Land Rover Cherry Hill*, No. 3:25-CV-544 (VDO), 2025 WL 1249616, at *3 (D. Conn. Apr. 30, 2025). However,

If Plaintiff does not file a second amended complaint by the deadline set forth above, but instead opts to stand on the allegations in her amended complaint, her claims against Defendants Redmond, Kiripolsky, Kluge, Wazkowski, Flemming, and Abruzzino are dismissed for failure to state a claim and the Clerk of Court shall cause the United States Marshal Service to serve copies of the summons, the amended complaint (Dkt. 13), the Court's May 14, 2026 Decision and Order (Dkt. 9), and this Decision and Order upon the Defendants not otherwise terminated herein.

Plaintiff is cautioned that the Court may dismiss, without further explanation, any claims in a second amended complaint that do not comply with the Court's instructions or that fail to cure the deficiencies identified above. *See Baxter*, 2023 WL 5584345, at *3; *Denny*, 576 F.2d at 471.

**ORDER**

IT HEREBY IS ORDERED that Carter's claims against Feroleto are DISMISSED without further leave to amend; and it is further

---

"repeated misuse of artificial intelligence undermines the genuine role it may ultimately have in contributing to the cause of justice." *Braica v. Frankowski*, 826 F. Supp. 3d 286, 293 (D. Conn. 2025); *Anonymous v. New York City Dep't of Educ.*, No. 1:24-CV-04232 (JLR), 2024 WL 3460049, at *7 (S.D.N.Y. July 18, 2024) (warning a *pro se* plaintiff that citations generated by artificial intelligence are unreliable, and that citation to nonexistent legal authority is unacceptable); *Ammann v. Markel Ins. Co.*, No. 1:25-CV-1465, 2026 WL 2122928 (N.D. Ohio July 16, 2026) (warning a *pro se* litigant that improper use of artificial intelligence may result in sanctions pursuant to FED. R. CIV. P. 11). Given Carter's disregard of the Court's prior Decision and Order (Dkt. 9), granting her leave to amend her claims against Feroleto and discussing the minimum pleading requirements to do so, and her continued use of case law that does not support the propositions she asserts, the Court believes artificial intelligence may have been used to prepare the amended complaint (Dkt. 13). Accordingly, Carter is warned that any misuse of artificial intelligence in future submissions to the Court may result in sanctions.

ORDERED that Carter's claims against Defendants Redmond, Kiripolsky, Kluge, Wazkowski, Flemming, and Abruzzino are DISMISSED, but with leave to amend as set forth above; and it is further

ORDERED that Carter's remaining claims may proceed to service; and it is further

ORDERED that Carter's motion to proceed *in forma pauperis* (Dkt. 2) is GRANTED for the purpose of service of the summons and amended complaint; and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (1997), the City of Buffalo Corporate Counsel is requested to ascertain the full name, with correct spelling, and last known service address of the officers involved in the events set forth in Carter's complaint (Dkt. 13). Corporate Counsel need not undertake to defend or indemnify these individuals at this time. Rather, this Order merely provides a means by which Carter may name and properly serve these defendants, as instructed by the Second Circuit in *Valentin*.

Corporate Counsel shall produce the information specified above within 30 days of the date of this screening order either electronically in CM/ECF by selecting "*Valentin* Response" under "Discovery Documents" or by mail to the Clerk's Office, United States District Court, 2 Niagara Square, Buffalo, NY 14202-3498. Upon

receipt of this information, the Clerk of the Court shall amend the caption of this action to reflect the full names of these defendants;[6] and it is further

ORDERED that the Clerk of the Court shall forward a copy of the amended complaint (Dkt. 13) and this Decision and Order by email to City of Buffalo Corporate Counsel Rosa Pizzi at lawmaster@buffalony.gov and United States mail at 65 Niagara Square, Room 1100, Buffalo, NY 14202; and it is further

ORDERED that if Carter decides not to amend her complaint a second time and opts to stand on the allegations set forth in her amended complaint (Dkt. 13), the Clerk of Court shall cause the United States Marshal Service to serve copies of the summons, the amended complaint (Dkt. 13), the May 14, 2026 Decision and Order (Dkt. 9), and this Decision and Order upon the remaining Defendants, not otherwise terminated herein, without Plaintiff's payment thereof, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor; and it is further

ORDERED that the remaining Defendants not otherwise terminated herein are directed to respond to the amended complaint upon service; and it is further

ORDERED that the Clerk of Court is directed to send to Carter this Decision and Order, a copy of the amended complaint (Dkt. 13), a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

---

[6] Responses filed electronically in CM/ECF are reviewed by Court personnel before being made public.

ORDERED that Carter's motions for electronic filing privileges (Dkt. 7, 11) are GRANTED, and Carter will receive via email notices of electronic filings from this date forward; the Clerk will no longer mail paper documents to Carter unless so directed by the Court; and it is further

ORDERED this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals *in forma pauperis* is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that Carter shall notify the Court in writing if her address changes. The Court may dismiss the action with prejudice if Carter fails to do so.

SO ORDERED

Dated: September 8, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE